THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLIE GABERTAN,<br><br>                          Plaintiff,<br><br>  v.<br><br>WALMART INC.,<br><br>                         Defendant. | Case No. 3:21-cv-05032 (Closed)<br><br>Consolidated with Case No.<br>3:20-cv-05520-BHS<br><br>**DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>February 12, 2021 |

WALMART'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
CASE NO. 3:21-cv-05032 (CLOSED)
CONSOLIDATED WITH CASE NO. 3:20-cv-05520-BHS

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

# I. INTRODUCTION

On June 1, 2020, Plaintiff Charlie Gabertan ("Plaintiff") filed a putative class action against Walmart Inc. ("Walmart") in this Court based on a single emergency informational text message that he allegedly received on April 7, 2020.[1] Six months later, Plaintiff filed this separate putative class action against Walmart challenging the same text message in state court. This tactic constitutes impermissible claim splitting. In his opposition to Walmart's Motion to Dismiss, Plaintiff incorrectly argues that the well-established rule against claim splitting should not apply because (i) he filed his second case in state court, and (ii) the parties agreed to have the two cases consolidated before this Court after Walmart timely removed this action. Neither affects the claim-splitting analysis. Plaintiff's complaint should be dismissed with prejudice.

Alternatively, this second action should be dismissed for failure to state a claim. Plaintiff asserts a single claim under the Washington Consumer Protection Act ("WCPA") based on an alleged violation of the Washington Commercial Electronic Mail Act ("CEMA"). *See* Compl. ¶¶ 31–39. CEMA is inapplicable because it applies only to text messages "sent to promote real property, goods, or services for sale or lease." Rev. Code Wash. § 19.190.010(3). Contrary to Plaintiff's argument, this single emergency informational text message did not promote any goods or services for sale or lease. *See* Compl. ¶ 13. It informed Walmart Pharmacy patients of socially distanced and contactless methods for accessing active prescription medications, consistent with the guidance of federal and state healthcare authorities, during the declared state of emergency in connection with the COVID-19 pandemic. *See id.* Therefore, it falls outside the scope of CEMA.

In his first action, Plaintiff mischaracterized this emergency informational text message to pursue a meritless Telephone Consumer Protection Act ("TCPA") claim. Plaintiff has now brought a duplicative, and similarly baseless, action under state law that has multiplied the

---

[1] *See Gabertan v. Walmart Inc.*, No. 20-5520 (W.D. Wash.) ("*Gabertan I*").

WALMART'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 1
CASE NO. 3:21-cv-05032 (CLOSED)
CONSOLIDATED WITH CASE NO. 3:20-cv-05520-BHS

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1  proceedings. This Court should dismiss Plaintiff's second-filed complaint with prejudice and
2  award Walmart its reasonable attorneys' fees and costs in connection with this Motion.

## II.     ARGUMENT

### A.     Plaintiff's Complaint Should Be Dismissed for Improper Claim Splitting.

Plaintiff admits that he filed two actions against Walmart based on the same text message. *See* Pl.'s Opp'n at 8–9. As this Court has held, "[a] plaintiff . . . is *required* to bring all his claims in one suit against parties and parties in privy." *Chapel v. Recontrust Co., N.A.*, No. 10-5846, 2011 U.S. Dist. LEXIS 12179, at *6 (W.D. Wash. Feb. 8, 2011) (Settle, J.) (emphasis added). Where, as here, a plaintiff has filed two lawsuits against a defendant based on the same facts, dismissal of the second action with prejudice is warranted. *See id.*

Plaintiff argues he was permitted to split his claims, as long as he brought one action in federal court and the other in state court. *See* Pl.'s Opp'n at 10 & n.3. Plaintiff is mistaken. The cases Plaintiff relies on stand for the mere and uncontroversial point that a federal court should apply doctrines of abstention and comity when determining whether to stay an action in federal court. The prohibition on claim splitting applies regardless of where a plaintiff initially filed the second action. *See Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 836 (11th Cir. 2017) (affirming dismissal with prejudice of a second-filed action, which was initially filed in Florida state court, after removal because of improper claim splitting); *In re Don Rose Oil, Inc.*, 614 B.R. 358, 370 (Bankr. E.D. Cal. 2020) (dismissing a second-filed action, after removal from state court, on the basis of improper claim splitting); *Wellin v. Wellin*, No. 13-1831, 2014 U.S. Dist. LEXIS 72432, at *38 (D.S.C. May 28, 2014) (dismissing a later-filed action for improper claim splitting after it was removed from state to federal court).

Plaintiff suggests that his violation of the claim-splitting prohibition has been mooted because this Court granted the parties' stipulation to consolidate the cases after Walmart timely removed this action. Pl.'s Opp'n at 10. The parties requested consolidation so that the appropriate Court, which is already familiar with the facts and legal issues, could address

WALMART'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 2
CASE NO. 3:21-cv-05032 (CLOSED)
CONSOLIDATED WITH CASE NO. 3:20-cv-05520-BHS

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

Plaintiff's improper tactics by "weighing the equities of the case." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).

The cases Plaintiff relies on are either inapposite or directly contradict his position.[2] *Mendoza v. Amalgamated Transit Union International* is particularly instructive. Plaintiff relies on *dicta* in an opinion by the magistrate judge who was not deciding the motion to dismiss. *See* Pl.'s Opp'n at 11 (quoting the comment that "the court has since consolidated *Mendoza I* into *Mendoza II* and defendants' contentions of claim-splitting *may* no longer be at issue"); *Mendoza v. Amalgamated Transit Union Int'l*, No. 18-0959, 2019 U.S. Dist. LEXIS 230606, at *9 (D. Nev. June 24, 2019) (emphasis added)). The district court, however, ignored this comment, applied the *Adams* factors, and dismissed with prejudice the second-filed action because it "*constitute[d] impermissible claim splitting.*" *See Mendoza v. Amalgamated Transit Union Int'l*, No. 18-0959, 2019 U.S. Dist. LEXIS 151029, at *26 (D. Nev. Sept. 5, 2019) (emphasis added). The same result is warranted here.

---

[2] *See Warren v. United States*, No. 92-35558, 1993 U.S. App. LEXIS 18389 (9th Cir. July 14, 1993) (not involving claim splitting); *In re Don Rose Oil, Inc.*, 614 B.R. at 370 (dismissing a second-filed action for improper claim splitting); *Abhari v. Victory Park Capital Advisors, Inc.*, No. 20-5734, 2020 U.S. Dist. LEXIS 247258, at *15 (C.D. Cal. Sept. 17, 2020) (noting *sua sponte* that plaintiffs had filed a similar action that "appear[ed] to violate the rule against claim splitting" and instructing plaintiffs to correct their error when filing their amended complaint); *Brooke v. Aju Hotel Silicon Valley LLC*, No. 19-5559, 2019 U.S. Dist. LEXIS 220035, at *5 (N.D. Cal. Dec. 23, 2019) (electing to consolidate two actions rather than dismiss the later-filed action without addressing the Ninth Circuit standard set forth in *Adams* or any case law); *Diaz v. Sun-Maid Growers*, No. 19-0425, 2019 U.S. Dist. LEXIS 129839, at *14 (E.D. Cal. Aug. 1, 2019) (not reaching "the issue of the alleged impermissible claim splitting"); *T.K. v. Stanley*, No. 16-5506 (W.D. Wash. Oct. 11, 2016), *recons. denied by* 2016 U.S. Dist. LEXIS 147763, at *4 (W.D. Wash. Oct. 25, 2016) (Settle, J) (noting that the doctrine of abstention may apply when an action pending in federal court is duplicative of a state court action); *Horner v. Select Portfolio Servicing*, No. 12-0666, 2012 U.S. Dist. LEXIS 135681, at *6 (E.D. Cal. Sep. 20, 2012) (applying the *Adams* factors based on the specific equities in that case, in which the later-filed action did not involve the same defendant as the earlier-filed action); *Leonard v. Stemtech Int'l, Inc.*, No. 12-0086, 2012 U.S. Dist. LEXIS 120525, at *31–32 (D. Del. Aug. 24, 2012) (electing to consolidate the actions because "the operative events at issue in [the second action] occurred well after the date of the Amended Complaint in [the first action]"); *Britz Fertilizers, Inc. v. Bayer Corp.*, No. 07-0846, 2008 U.S. Dist. LEXIS 8356, at *46 (E.D. Cal. Feb. 5, 2008) (applying the *Adams* factors and finding consolidation was warranted where the plaintiff alleged the claims in the second action were based on a different agreement than the first).

WALMART'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 3
CASE NO. 3:21-cv-05032 (CLOSED)
CONSOLIDATED WITH CASE NO. 3:20-cv-05520-BHS

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

**B.      Alternatively, Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim.**

CEMA applies only to text messages that promote goods or services for sale or lease. *See* Rev. Code Wash. § 19.190.010(3); *see also Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1132 (W.D. Wash. 2012).[3] Consistent with Plaintiff's arguments in *Gabertan I*, Plaintiff disregards the plain language and context of the text message at issue to contend it promotes goods or services for sale. This text message, however, provided *information* to patients about how to *access their active prescriptions* during the declared state of emergency. It did not promote the sale of any goods or services.

Plaintiff does not address the cases cited by Walmart in its Motion to Dismiss. Instead he cites inapposite cases involving messages that facially and contextually promoted the sale of goods or services. *See* Pl.'s Opp'n at 15–19. As set forth in Walmart's Motion to Dismiss, the inclusion of a hyperlink in the text message does not change the analysis. The hyperlinked web page provided additional information about "Walmart Pharmacy's Coronavirus safety response," including information on socially distanced and contactless methods for accessing prescriptions. *See* Mot. to Dismiss at 8 n.6. It did not, as Plaintiff suggests, "advertise[] various services and products." *See* Pl.'s Opp'n at 19. The inclusion of this link does not transform the informational message into a marketing solicitation. *See An Phan v. Agoda Co. Pte. Ltd.*, 351 F. Supp. 3d 1257, 1266 (N.D. Cal. 2018), *aff'd*, 798 F. App'x 157 (9th Cir. 2020); *Vallianos v. Schultz*, No. 19-0464, 2019 U.S. Dist. LEXIS 174729, at *9–10 (W.D. Wash. Oct. 8, 2019) ("[T]he mere inclusion of a link to a website on which a consumer can purchase a product does not transform the whole communication into a solicitation.").

---

[3] Plaintiff erroneously suggests that the Ninth Circuit has rejected the holding in *Hickey*. *See* Pl.'s Opp'n at 13–14. But the Ninth Circuit has not reached that issue. *See Gragg v. Orange Cab Co.*, No. 12-0576, 2013 U.S. Dist. LEXIS 7474, at *12 (W.D. Wash. Jan. 17, 2013) (noting the Ninth Circuit has determined that "a direct and immediate sale need not be in the [offering] to trigger the [Washington Automatic Dialing and Announcing Device Act]").

WALMART'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 4
CASE NO. 3:21-cv-05032 (CLOSED)
CONSOLIDATED WITH CASE NO. 3:20-cv-05520-BHS

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

"Courts approach the question of whether a message constitutes advertising or telemarketing with a measure of common sense." *An Phan*, 351 F. Supp. 3d at 1261 (internal quotation marks and citation omitted). As set forth in Walmart's Motion to Dismiss, text messages, like the one alleged here, that "merely seek to gather or impart important information" do not constitute advertising or telemarketing. *Dennis v. Amerigroup Wash., Inc.*, No. 19-5165, 2020 U.S. Dist. LEXIS 22832, at *12 (W.D. Wash. Feb. 10, 2020); *see also* Mot. to Dismiss at 7–8 (collecting cases). This text message did not promote any goods or services for sale, and it is outside the scope of CEMA. Plaintiff's complaint should be dismissed with prejudice. *See Hickey*, 887 F. Supp. 2d at 1132; *see also Dennis*, 2020 U.S. Dist. LEXIS 22832, at *12; Mot. to Dismiss at 5–8.

### C. Walmart Should Be Awarded Reasonable Attorneys' Fees in Connection With This Motion.

Plaintiff has "unquestionably multiplied the proceedings," and, as a result, Walmart should be awarded its reasonable attorneys' fees and costs in connection with responding to this improperly-filed action. *See Anderson v. United Stationers Supply Co.*, No. 97-15631, 1998 U.S. App. LEXIS 7596, at *4 (9th Cir. Apr. 16, 1998) ("Since counsel's efforts . . . unquestionably multiplied the proceedings before the district court, the imposition of monetary sanctions upon counsel was not an abuse of discretion."). Plaintiff's argument that his claim-splitting tactic only became improper when Walmart removed this action is baseless. Courts apply the claim-splitting analysis to removed actions. *See Vanover*, 857 F.3d at 836; *In re Don Rose Oil, Inc.*, 614 B.R. at 370; *Wellin*, 2014 U.S. Dist. LEXIS 72432, at *38.[4] In addition, claim splitting is precluded under both federal and Washington State procedural law. *See Chapel*, 2011 U.S. Dist. LEXIS 12179, at *4 (explaining that a plaintiff must "bring at one time all of the claims against a party or privies relating to the same transaction or event" (citing

---

[4] Plaintiff's suggestion that Walmart removed his improperly filed state court action to "lay a 'sanctions trap'" is baseless. *See* Pl.'s Opp'n at 19–20. Walmart removed the action because this Court has jurisdiction under CAFA. *See* Notice of Removal, Dkt. No. 1.

WALMART'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 5
CASE NO. 3:21-cv-05032 (CLOSED)
CONSOLIDATED WITH CASE NO. 3:20-cv-05520-BHS

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

*Adams*, 487 F.3d at 693–94)); *Harris v. Providence Everett Med. Ctr.*, No. 66407-7-I, 2012 Wash. App. LEXIS 874, at *4 (Ct. App. Apr. 16, 2012) ("Filing two separate lawsuits based on the same event—claim splitting—is precluded in Washington." (quoting *Landry v. Luscher*, 976 P.2d 1274, 1276 (Wash. Ct. App. 1999)) (additional citation omitted)); *see also supra* § II.A.

Because Plaintiff improperly filed this second action, which has unnecessarily multiplied the proceedings, Walmart should be awarded its reasonable attorneys' fees and costs in connection with this Motion. 28 U.S.C. § 1927; Rev. Code Wash. § 4.84.185; *Hyytinen v. Morhous*, No. 14-5537, 2015 U.S. Dist. LEXIS 26654, at *10 (W.D. Wash. Mar. 3, 2015) (Settle, J.); *Irving v. AMTRAK*, No. 13-5713, 2015 U.S. Dist. LEXIS 4023, at *3–4 (W.D. Wash. Jan. 12, 2015) (Settle, J.); *Lucas v. Camacho*, No. 11-5350, 2012 U.S. Dist. LEXIS 133367, at *3 (W.D. Wash. Sep. 18, 2012) (Settle, J.).

### III.   CONCLUSION

For the foregoing reasons, Walmart respectfully seeks dismissal of Plaintiff's complaint with prejudice and an award of its reasonable attorneys' fees and costs incurred in connection with this Motion.

Dated: February 12, 2021                                Respectfully submitted,

*/s/ Macee B. Utecht*                                        */s/ Meredith C. Slawe*
COZEN O'CONNOR                                      COZEN O'CONNOR
Macee B. Utecht, WSBA #55465                Meredith C. Slawe (*pro hac vice*)
999 Third Avenue, Suite 1900                    Michael W. McTigue Jr. (*pro hac vice*)
Seattle, WA 98104                                        One Liberty Place
Phone:  (206) 373-2791                              1650 Market Street, Suite 2800
Email:  mutecht@cozen.com                     Philadelphia, PA 19103
                                                                        Phone:  (215) 665-2000
E. Marie Bussey-Garza  (*pro hac vice*)     Email:  mslawe@cozen.com
1717 Main Street, Suite 3100                               mmctigue@cozen.com
Dallas, TX 75201
Phone:  (214) 462-3085
Email:  mbussey-garza@cozen.com

*Attorneys for Defendant Walmart Inc.*

WALMART'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS - 6
CASE NO. 3:21-cv-05032 (CLOSED)
CONSOLIDATED WITH CASE NO. 3:20-cv-05520-BHS

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000